## S12Y1958. IN THE MATTER OF JAMES H. DICKEY.
### (734 SE2d 18)

PER CURIAM.

This disciplinary matter is before the Court on the Report and Recommendation of the Review Panel that Respondent James H. Dickey (State Bar No. 001030) be suspended for two years with conditions on reinstatement as reciprocal discipline for his two-year suspension in South Carolina, see *In the Matter of Dickey*, 395 S.C. 336 (718 SE2d 739) (2011). In the underlying disciplinary case in South Carolina Dickey was charged with eight instances of misconduct occurring from 2001 through 2006. A hearing panel of the South Carolina Commission of Lawyer Conduct recommended that Dickey be disbarred. In its detailed opinion on appeal the South Carolina Supreme Court found three proven instances of misconduct (creating a document that appeared to be a medical record and including it in a settlement package to the insurance company; wilfully failing to comply with a fee arbitration award; and failing to inform a client that her medical malpractice claim had been dismissed), and ordered that he be suspended for two years, retroactive to the date of Dickey's 2005 interim suspension, with reinstatement conditioned upon payment of costs and payment of the fee arbitration award.

The State Bar filed a notice of reciprocal discipline, attaching a certified copy of the decision from the Supreme Court of South Carolina, see Rule 9.4 (b), as amended, of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). Dickey acknowledged service and filed his objections to the imposition of reciprocal discipline. The State Bar filed a response. The Review Panel issued its report and recommendation, properly recognizing that under Rule 9.4 (b) (3), it was required to recommend substantially similar discipline unless it found clearly from the face of the record from which the discipline was predicated that certain elements existed which would give the Review Panel discretion to make such other

recommendation as it deemed appropriate, see Bar Rule 9.4 (b) (3) (i)-(vi). Based on its careful review of Dickey's objections, the State Bar's response and the South Carolina Supreme Court's opinion, the Review Panel found that none of the elements listed in Rule 9.4 (b) (3) (i)-(vi) were present and accordingly, it recommended as reciprocal discipline a two-year suspension with reinstatement conditioned upon proof that Dickey has been reinstated to practice in South Carolina and has fully complied with all of the conditions for reinstatement set forth in the South Carolina Supreme Court opinion.

The Review Panel noted that in his objections Dickey raised all of the elements listed in Rule 9.4 (b) (3) (i)-(vi), specifically claiming that in the South Carolina proceedings he was denied due process, and that the court overlooked and misapprehended the essential facts in the underlying record. The Review Panel found that in its opinion the South Carolina Supreme Court addressed the same objections and found no due process violations as Dickey was afforded notice, an opportunity to be heard and judicial review. The court also carefully reviewed each of the eight allegations of misconduct and concluded that the Office of Disciplinary Counsel proved three of the allegations by clear and convincing evidence. The Review Panel thus held that Dickey's objections already have been considered by the South Carolina Supreme Court, that he was given notice and an opportunity to be heard, and that the violations established in South Carolina would result in substantially similar discipline in Georgia.

Dickey filed his notice of rejection and exceptions in this Court and raises the same objections as below, focusing primarily on his assertion that the evidence in South Carolina would not authorize the ruling of the South Carolina Supreme Court based upon an objective review of the complete record. But it is apparent from Dickey's exceptions that he seeks merely to relitigate the findings of the South Carolina Supreme Court, something Rule 9.4 does not allow, see Rule 9.4, Comment 4 ("A judicial determination of misconduct by the respondent in another jurisdiction is conclusive, and not subject to relitigation in the forum jurisdiction."). Our review of the record leads us to agree that the discipline recommended by the Review Panel is substantially similar to the discipline imposed in South Carolina and is the appropriate punishment in this case. Accordingly, James H. Dickey hereby is suspended from the practice of law in the State of Georgia for a period of two years from the date of this opinion and his reinstatement is conditioned upon proof that Dickey has been reinstated to practice law in South Carolina and has fully complied with all the conditions of reinstatement set forth in the South Carolina Supreme Court's November 21, 2011 opinion. He is reminded of his duties under Bar Rule 4-219 (c).

*Two-year suspension with conditions. All the Justices concur.*

DECIDED NOVEMBER 5, 2012.

*Paula J. Frederick, General Counsel State Bar, Carmen R. Rafter, Assistant General Counsel State Bar*, for State Bar of Georgia.