**In re James H. DICKEY, Respondent.**

**A Suspended Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 414988) (BDN–420–12).**

**No. 12–BG–1943.**

District of Columbia Court of Appeals.

Submitted June 4, 2013.
Decided Aug. 8, 2013.

James H. Dickey, pro se.

Wallace E. Shipp, Jr., Bar Counsel, and William R. Ross, Assistant Bar Counsel, filed a statement regarding reciprocal discipline for the Office of Bar Counsel.

Before FISHER and EASTERLY, Associate Judges, and FARRELL, Senior Judge.

PER CURIAM:

The Supreme Court of South Carolina concluded that respondent had committed professional misconduct and suspended him from the practice of law for two years. Bar Counsel now requests that we impose identical reciprocal discipline. Respondent resists, asserting that he was denied due process in the South Carolina proceedings and that there was an infirmity of proof. We conclude that respondent has not carried his burden of proof under our rules, and we impose identical reciprocal discipline.

In the underlying disciplinary proceeding, eight allegations of misconduct were lodged against respondent. A hearing panel sustained seven of those charges and recommended that respondent be disbarred. However, the Supreme Court of South Carolina concluded that only three of the charges were supported by clear and convincing evidence: that respondent created a document that appeared to be a medical record and included it in a settlement package sent to the insurance company; that respondent failed to return an unearned fee to a client, as required by an arbitration award; and that respondent's failure to identify potential experts and provide their affidavits in a medical malpractice lawsuit led to dismissal of the case, but respondent failed to inform his client of the reason for the dismissal. *In re Dickey*, 395 S.C. 336, 360–63, 718 S.E.2d 739, 751–53 (2011). Additional details are found in the thorough opinion of the Supreme Court of South Carolina. That court suspended respondent from the practice of law for two years and imposed other conditions. Respondent must petition for reinstatement in South Carolina, a procedure requiring him to demonstrate that he is fit to resume the practice of law, and he must file an affidavit showing that he has complied with the sanctions imposed by the court. 395 S.C. at 364, 718 S.E.2d at 753.

On December 20, 2012, this court suspended respondent from the practice of law in the District of Columbia pending the final disposition of this matter and ordered him to show cause why he should not be suspended in this jurisdiction for an identical period of two years, with his reinstatement conditioned upon a showing of fitness. On January 23, 2013, respondent

filed his affidavit of compliance with D.C. Bar R. XI, § 14(g).

"With regard to attorney-discipline cases that come to us as reciprocal matters, D.C. Bar R. XI, § 11(c) establishes a rebuttable presumption in favor of this court's imposition of discipline identical to that imposed by the original disciplining jurisdiction." *In re Sibley,* 990 A.2d 483, 487 (D.C.2010). Our rules provide that:

> Reciprocal discipline shall be imposed unless the attorney demonstrates, by clear and convincing evidence, that:
>
> (1) The procedure elsewhere was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
>
> (2) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistently with its duty, accept as final the conclusion on that subject; or
>
> (3) The imposition of the same discipline by the Court would result in grave injustice; or
>
> (4) The misconduct established warrants substantially different discipline in the District of Columbia; or
>
> (5) The misconduct elsewhere does not constitute misconduct in the District of Columbia.
>
> Unless there is a finding by the Court under (1), (2), or (5) of this subsection, a final determination by another disciplining court that an attorney has been guilty of professional misconduct shall conclusively establish the misconduct for the purpose of a reciprocal disciplinary proceeding in this Court.

D.C. Bar R. XI, § 11(c).

Invoking subsections (c)(1) and (c)(2), respondent asserts that the original proceeding was so lacking in notice or opportunity to be heard as to deprive him of due process and that there was an infirmity of proof in South Carolina. However, respondent fails to prove his case. He has not provided a record to support his allegations, he has not marshaled evidence to establish his claims, and he cites few, if any, pertinent legal precedents. Instead, with only vague citations to the record at best, he alleges, among other things, that the South Carolina Supreme Court proceeding was "tantamount to a criminal act" and that he was unfairly treated because of "the corrupt conduct of Court Officials...."

The Supreme Court of South Carolina directly addressed respondent's due process argument, demonstrating that he "was provided notice, an opportunity to be heard, and judicial review." 395 S.C. at 360, 718 S.E.2d at 751. Moreover, its opinion recites ample evidence to support the findings of misconduct.

Prior to imposing reciprocal discipline, the Supreme Court of Georgia rejected the same two arguments that respondent has presented to us. *In re Dickey,* 292 Ga. 12, 734 S.E.2d 18 (2012). Respondent's rhetoric and his conclusory allegations are not sufficient to carry his burden of proof, and we have made it clear that "reciprocal discipline proceedings are not a forum to reargue the foreign discipline." *In re Zdravkovich,* 831 A.2d 964, 969 (D.C.2003).

Accordingly, we hold that respondent has failed to prove, by clear and convincing evidence, that he was deprived of due process or that there was an infirmity of proof in the South Carolina proceeding. Therefore, respondent is suspended from the practice of law in the District of Columbia for a period of two years, *nunc pro tunc* to January 23, 2013, the date on which he filed his affidavit complying with D.C. Bar R. XI, § 14(g). Respondent's reinstate-

ment is conditioned upon proof of his fitness to resume the practice of law.

*So ordered.*